IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TRENTON SCOTT UNRUH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:20-CV-234-Z-BR |
| | § | |
| AMARILLO POLICE DEPARTMENT, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO DISMISS

Plaintiff, Trenton Scott Unruh, filed a complaint naming multiple law enforcement entities, as well as unknown officers, as Defendants. (ECF 3). Plaintiff has paid the filing fee and proceeds with this action *pro se*. (ECF 9).

The Amarillo Police Department, Potter County Sheriff's Office, and Randall County Sheriff's Office are named as entity Defendants. (ECF 3). The capacity to sue or be sued is determined based upon the law of the state in which the district court sits. Fed. R. Civ. P. 17(b). Texas law vests the authority to organize and control a police force to the city itself. Texas Local Gov't Code Ann. § 341. The Amarillo Code of Ordinances affords the power to sue and be sued only to the city itself. AMA. TEX., Code Art. II, § 1. It stands to reason then that the Amarillo Police Department is not a jural entity capable of being sued. *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991).

Similarly, sheriff's offices in Texas exist as inferior to their home counties. *Gragert v. Harris County*, 2010 WL 11538411, at *3 (S.D. Tex. Aug. 11, 2010). As with the Amarillo Police Department, there exists no express authority from either the Randall or Potter County Commissioners Courts. Accordingly, both sheriff's office Defendants are not jural entities capable

of being sued, which robs the Court of jurisdiction.

Even if the entity Defendants were capable of being sued, it is appropriate to dismiss this case because Plaintiff has failed to effectuate service within 120 days of filing the Complaint. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008). Plaintiff initiated this case nearly three years ago and still has not served any Defendants. Although he has recently moved for the assistance of the Court and for an extension of time, he has not shown any sort of good cause for the extended failure to serve Defendants. (ECF 9). Therefore, this case should be dismissed.

## RECOMMENDATION

For the reasons discussed herein, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the claims of Plaintiff be DISMISSED FOR WANT OF PROSECUTION.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusion and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED on July 13, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).